IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                             No. CR 05-2511 JB

PHILLIP ALBERT GRANT,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Motion to Present Additional Evidence and Motion to Continue Trial Date, filed March 24, 2006 (Doc. 34). The primary issue is whether the Court should take additional evidence from the United States in response to Defendant Phillip Albert Grant's motion to suppress all evidence secured as a result of the traffic stop. Given that the Court is inclined to grant Grant's motion because the initial stop was illegal, and because additional evidence justifying the stop may be appropriate before the Court issues its opinion and order, the Court will grant the United States' motion to introduce evidence concerning the stop, but will not allow further evidence on the search at this time.

## PROCEDURAL BACKGROUND

The indictment was filed on November 16, 2005. See Indictment (Doc. 7). Grant entered his not guilty plea on December 2, 2005. See Clerk's Minutes of Arraignment, filed December 2, 2005 (Doc. 9). Grant is currently free on conditions of release.

On January 9, 2006, Grant filed his motion to suppress evidence, see Doc. 17, and challenged the stop of his commercial vehicle, but did not challenge the subsequent search of the inside of the

commercial vehicle's trailer that yielded 473 kilograms of marijuana, except to the extent that the search was based on the initial detention of the vehicle. See generally Mr. Grant's Motion for Suppression of Evidence and Memorandum in Support. He did, however, request the opportunity to bring additional motions and to make additional arguments based on any evidence presented at the suppression hearing. See id. ¶ 5, at 2. At the conclusion of the first day of the suppression hearing on March 15, the Court asked Grant's counsel if he was challenging the stop or the search, and defense counsel indicated that he was challenging the stop, but wanted to take another look at the issue of the search before committing to just challenging the stop. See Transcript of Hearing at 57:11-22.[1] In open court, on the second day of the suppression hearing, on March 17, Grant's counsel hand-delivered to the United States a supplement to his suppression motion providing additional authority supporting his argument that the stop by the MTD officer was unconstitutional. Grant's supplemental motion also challenged the search of the trailer, citing federal and state law for the proposition that a MTD field enforcement officer does not have the authority to inspect a commercial vehicle's trailer when such search is not conducted at the MTD Port of Entry. See Supplement to Mr. Grant's Motion for Suppression of Evidence and Incorporated Memorandum, filed March 17, 2006 (Doc. 30).

Also on March 17, 2006, the second session of the suppression hearing, the United States presented additional evidence. During that second session, the officer attempted to clarify his prior testimony by indicating that there was a class of traffic on eastbound Motel Drive that he would not stop as a matter of routine practice: traffic which joined Motel from Highway 70. See Transcript of Hearing at 7:5-14. On cross examination, however, the officer admitted that his distinction did not

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

hold water, and that he would in fact stop commercial vehicles which entered Motel from Highway 70 and headed east past the sign directing eastbound and westbound trucks, because some of those commercial vehicles could be headed eastbound on the interstate and could be evading the eastbound POE.  See id. at 11:1-15.

At the end of the hearing, the Court stated that, based on the record before it, it was inclined to suppress all of the evidence, including statements that Grant made following the search, obtained as a result of the unconstitutional stop and subsequent search.  See id. at 28:2-29:9.  The United States conceded at the hearing that there appeared to be no intervening events that would purge the original taint of the initial stop if in fact the Court determined that the initial stop was unlawful.  See id. at 25:23-26:6.  That motion remains pending.

The United States represents that, because Grant challenged only the initial stop of his commercial vehicle before filing his supplemental brief, the United States offered very little evidence of the search of the vehicle.  See United States Motion to Present Additional Evidence and Motion to Continue Trial Date ¶ 4, at 2.  The United States contends that the record is not complete.  See id.  The United States asserts that, if the Court permits it to present additional evidence, it will call MTD Lieutenant John Salazar, who will testify that, pursuant to state and federal law, MTD field enforcement officers have the authority: (i) to conduct various levels of commercial vehicle inspection, including document verification and cargo inspection; and (ii) to inspect the inside of commercial vehicle trailers to ensure they are in compliance with the health, safety, and public welfare requirements of state and federal law.  See id. ¶ 5, at 2.  The United States also represents that Salazar will testify that, when MTD field enforcement officers stop a commercial vehicle, they are expected to inspect the inside of commercial vehicle trailers pursuant to MTD policy, and the MTD field enforcement officers carry with them trailer seals so that, when they bust a trailer seal to inspect

it, they can re-seal the trailer when they complete their examination.  See id.

The United States also intends to recall Officer Luke De La Garza to testify that he routinely inspects the inside of commercial vehicle trailers for a variety of reasons, including, but not limited to, cargo verification and safety issues.  See id. ¶ 6, at 2.  The United States represents that De La Garza will also testify that, when he broke the seal Grant's commercial vehicle trailer, he did so with the intent to verify its cargo, and to ensure that the cargo and trailer were otherwise in compliance with state and federal regulations.  See id.  The United States believes that this additional testimony will be useful to the Court and that additional testimony on this issue is in the best interest of justice.  See id. ¶ 7, at 3.

The United States contacted Grant's counsel, Mr. Marc Robert, about this motion, and Grant objects.  See id. ¶ 9, at 3.  The United States moves the Court to permit it to present additional evidence.  See id. at 1.

The United States asserts that, if the Court grants its motion, it may be necessary to continue the April trial setting.  See id. ¶ 8, at 3.  In the interests of justice, the Court granted Grant's motion to continue the April trial on March 31, 2006.  Thus, the United States' request that the Court continue the April trial date, if necessary, is moot.

## ANALYSIS

Grant submits that the MTD officer testified, and was cross-examined, regarding all aspects of his actions, the bases for his decision to stop the vehicle, and the suspicions which the officer did and did not assert he had.  See Mr. Grant's Response to the Government's Motion to Present Additional Evidence and Unconditional Unopposed Motion for Continuance of Trial Setting ¶ 6, at 3.  Grant argues that the issues raised in his supplement to his motion for suppression of evidence present legal issues.  See id. ¶ 8, at 4. Grant submits that whether the officer had the legal authority

to conduct the stop is not a matter for the officer's testimony, but a question of law for the Court's determination after briefing and argument by the parties. See id. Grant submits that no additional facts are needed to apply the law to the relevant facts. See id. Grant contends that the evidence adduced in the proceedings to date fully address the questions that the applicable law raises. Grant maintains that the court needs no further evidence or testimony.

It does not appear to the Court that the United States proposes to present additional testimony concerning the commercial vehicle's initial detention. If, however, the United States does want to present additional evidence concerning the initial detention, and because the Court is currently inclined to rule against the United States on the issue of the initial stop, it may be wise for the Court to hear whatever else the United States may have to say on the issue. Accordingly, the Court will allow the United States to put on additional evidence, if any, it has about the appropriateness of the stop itself.

The United States does indicate its intention to present testimony about the officer's routine and practice in the conduct of inspections of trucks. The officer has already testified about the reasons why he searched this particular truck and his perception of the basis of his authority to do so. Grant argues that any further testimony about the officer's habit, and about his basis for conducting the search, would be cumulative and unnecessary. See id. ¶ 9, at 4. Grant contends that testimony about the officer's routine is not relevant to the inquiry. See id.

If the Court decides to suppress the evidence because the stop was unconstitutional, which it is currently inclined to do, it is not readily apparent that any additional facts about the search are needed for the Court's decision. It does not appear that the proposed additional evidence about the search will assist the Court in its determination of the lawfulness of the initial stop. The United States has had two opportunities to present the officer's testimony about the search. If the Court, in

completing its opinion and order, decides to rest any portion of its order on the stop rather than on the search, the Court will take the United States proposed additional evidence concerning such search.

**IT IS ORDERED** that the United States' Motion to Present Additional Evidence and Motion to Continue Trial Date is granted in part and denied in part. The Court will allow the United States to present additional testimony regarding the initial detention of Grant's commercial vehicle. The Court will not, at this time, take additional evidence regarding the legality of the search itself.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the
    District of New Mexico
Mark A. Saltman
  Special Assistant United States Attorney
Albuquerque, New Mexico

        *Attorneys for the Plaintiff*

Marc H. Robert
  Assistant Federal Public Defender
Federal Public Defender
Las Cruces, New Mexico

        *Attorneys for the Defendant*